**IN THE UNITED STATES DISTRIC COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

DAMON KELLEY, an individual,

    Plaintiff,

v.

UNISYS CORPORATION, a Delaware corporation,

    Defendant.

---

## COMPLAINT

---

Plaintiff Damon Kelley ("Plaintiff"), by and through counsel, brings this action under the Fair Labor Standards Active ("FLSA"), 29 U.S.C. § 201 *et seq.* and the Colorado Wage Act C.R.S.A. § 8-4-101 *et. seq*. against Defendant, Unisys Corporation ("Defendant" or "Unisys") and hereby states and alleges as follows:

### NATURE OF THE ACTION

This action arises out of Defendant's systematic and intentional wrongful classification of Plaintiff's employment position, Information Technology Client Service Manger ("CSM"), as exempt from the overtime compensation requirements of the FLSA and Colorado Wage Law ("CWL"). This action seeks to remedy Defendant's illegal practices, whereby Defendant deliberately and uniformly deprived Plaintiff of earned overtime wages in violation of the FLSA and Colorado Wage Law ("CWL").

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), which authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Section 29 U.S.C. § 216(b) provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

2. This Court has federal question jurisdiction over the action pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the FLSA.

3. Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendant conducts business within the District, Plaintiff resides in this District, and a substantial part of the events and/or omissions giving rise to this claim occurred in this District.

## PARTIES

4. Plaintiff Damon Kelley is an adult citizen and resident of Colorado who, until March 2019, worked for Unisys as a CSM for approximately seven years, as and as Customer Service Representative/Customer Engineer for eleven years.

5. At all relevant times, and until March 2019, Damon Kelly was an "employee" of Defendant as defined by the FSLA, 29 U.S.C. § 203(e)(1) and C.R.S. 8-4-101(5).

6. Upon information and belief, and at all relevant times, Defendant has been a Delaware Corporation with its principal place of business at 801 Lakeview Drive, Suite 100, Blue Bell, PA 19422.  While Unisys does not have an office specific to Colorado, it does conduct business in Colorado and has employees in Colorado, including Plaintiff.

7. At all relevant times, and until March 2019, Defendant was an "employer" of Plaintiff as defined by the FSLA, 29 U.S.C. § 203(d) and C.R.S. 8-4-101(6).

## FACTUAL ALLEGATIONS

8.     Plaintiff was employed with Unisys from January 8, 2001 to March 14, 2019. Plaintiff was hired in 2001 as a Customer Service Representative and, in 2012, moved into the position of Account/Service Delivery Management Manager, also referred to as CSM.

9.     After receiving the alleged promotion, Plaintiff was required to work more than 75 hours per week on a consistent basis. Due to Unisys's poor dispatching system, Plaintiff regularly handled client matters via e-mail, text and phone at all hours of the night, even after completing a full shift during the day. These matters were defined as "escalations" on many occasions but also represented a culmination of various contacts with parts couriers, filed service employees and direct customer (i.e. client) interaction.

10.    Unisys utilized a weekly rotating CSM duty manager. The duty rotation manager covered the weekend only. However, offshore dispatching has high turnover rates for its employees who generally lacked training to understand or learn the polices in place, including that of a duty manager. Thus, the offshore dispatchers, skipped escalating a matter to the duty manager assigned and went directly to a CSM on most occasions. This ignoring of the set policies, which Unisys was aware of, occurred on a 24/7 basis 365 days a year. The work included escalating regular phone calls, emails and texts from a ticketing system assigning after-hours and weekend work, which was the primary driver for the overtime hours approaching 75 plus hours per pay period.

11.    Employees were assigned a duty manager each weekend to escalate matters to but there numerous were weekends when those employees would call, text, email to their direct-report CSM. This resulted in overtime hours accumulating. Despite repeated attempts by Plaintiff

to rectify the policy loopholes regarding assigned duty managers, Unisys took no action and the practice continued.

12. Customers like Dell/EMC, who also employ their own version of CSMs would escalate to the local Unisys CSM instead of the Unisys duty manager. If a Dell/EMC client had equipment that was down they would engage the Unisys tech, Unisys CSM, Dell/EMC CSM, and phone support. Plaintiff spent many nights after hours on WebEx sessions involved in unscheduled escalation meetings, many lasting hours, working together with this group to restore the client equipment to working capacity. Plaintiff would then accrue significant unpaid overtime hours.

13. Every part used by used by field techs to complete jobs had an SKUs that was assigned to a responsible party (i.e. CSMs). Couriers would receive calls from drivers and then notify CSM of delays or delivery challenges regardless of the time in the CSM's specific time zone. This would force Plaintiff to accrue unpaid overtime hours. Plaintiff, despite no longer working for Unisys, still receives these calls and has escalated each one to a current Unisys CSM hoping to remove his name from the logistics system.

14. Often, newly-hired filed techs would have to cover a night or weekend shift due to staff shortages and this resulted in constant, after hours on the job training.  Plaintiff, as a CSM, would walk the new techs through a complete onsite call including service work, contacting support, closing a service ticket, or other training that wasn't able to take place during business hours. Plaintiff would then accrue unpaid overtime hours.

15. Due to reorganization of business units and other managerial changes, CSMs often had to handle other responsibilities after hours to meet deadlines, particularly semi-annual performance reviews, performance plan, corrective action documentation, and other paperwork

that didn't get done during the day due to assisting techs, dispatchers, meetings, escalations, etc. It was a very demanding job and headcount reductions increased escalations, number of employees, and less people to do the same amount of field service calls.

16. The number of techs and contractors working for Unisys in a certain region or assigned to a CSM was fluid from year to year. At times Plaintiff was responsible for the escalations of 20 employees and contractors and other times he was responsible for the escalations of 40. The service call volume didn't always fluctuate with the headcount, and at times Unisys had to operate with less staff, which meant higher calls per tech and more escalations. This resulted in Plaintiff working significant unpaid overtime hours over the course of his employment.

17. Unisys improperly masked and misclassified Plaintiff as an exempt employee in order to deprive him overtime wages.

18. Plaintiff's non-exempt subordinates often made higher annual salaries than Plaintiff.

19. Plaintiff had no hiring or firing authority.

20. A substantial portion of Plaintiff's responsibilities involved handling "escalations" – client calls not resolvable by the direct-level service lines.

21. Plaintiff and others in similar roles at the company often complained that this was an unfair practice, but they went short of filing any sort of grievance for fear of losing their jobs.

22. After being unexpectedly laid off by Unisys, Plaintiff has no reason to fear reprisal and, accordingly, files this lawsuit against his former employer.

## **CLAIM FOR RELIEF**

### **(Violation of the FLSA's Overtime Provisions)**

23. Plaintiff reasserts and re-alleges the allegations set forth above.

24. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

25. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. See 29 U.S.C. § 207(a)(1).

26. Unisys is subject to the overtime pay requirements of the FLSA and CWL because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

27. Unisys violated the FLSA by misclassifying employees, specifically Plaintiff as a CMS, and failing to pay for overtime for services rendered over 40 hours in a given work week.

28. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. These exemptions do not apply to Plaintiff.

29. Plaintiff is a victim of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all CSMs employed by Unisys. Upon information and belief, Unisys has applied this uniform policy to Customer Service Managers nationwide.

30. Plaintiff is entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling,

because Unisys acted willfully and knew, or showed reckless disregard of the fact, that its conduct was prohibited by the FLSA.

31. Unisys has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).

32. Alternatively, should the Court find Unisys did not act willfully in failing to pay overtime pay, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

33. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Unisys from Plaintiff [and all similarly situated employees]. Accordingly, Unisys is liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## **REQUEST FOR RELIEF**

Plaintiff respectfully requests relief as follows:

A. Declaring that Unisys willfully violated its obligations under the FLSA and CWL;

B. Judgment against Unisys for an amount equal to Plaintiff's unpaid overtime wages owed at the applicable overtime rate calculated at the rate of one and one-half times his regular rate of pay;

C. For an award of liquidated damages and prejudgment interest;

D. For an award of reasonable attorneys' fees and costs incurred in prosecuting this action;

E. For an order enjoining Defendants from continuing its unlawful pay practices; and

    F.      For such further legal and equitable relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

Dated: November 15, 2019

                                                  WHITCOMB, SELINSKY, P.C.

                                      By: /s/ Timothy J. Turner
                                            Timothy J. Turner
                                            2000 S. Colorado Blvd.
                                            Tower 1, Suite #9500
                                            Denver, CO 80222
                                            Tel: 303-534,1958
                                            Fax: 303534-1949
                                            Email: tim@wsmlawpc.com

                                            *Counsel for Plaintiff*